OPINION
Defendant-appellant, Zachary Fitzpatrick ("appellant"), appeals from the imposition of consecutive sentences for two counts of aggravated robbery with firearm specifications. Appellant also received a concurrent sentence for one count of felonious assault.
On April 14, 1999, appellant robbed a motel in Mentor and a bank in Concord. On August 2, 1999, appellant entered into a written plea of guilty to the above charges. Two counts of kidnapping with firearm specifications, one count of grand theft with a firearm specification, one count of receiving stolen property, and the firearm specification for the felonious assault charge were nolled. On September 29, 1999, appellant appeared before the trial court for sentencing. The trial court sentenced appellant to five (5) years for each of the aggravated robbery convictions, with an additional three (3) years for each firearm specification. The terms were to be served consecutively, for an aggregate sentence of sixteen (16) years. Appellant received a sentence of five (5) years for the felonious assault conviction, to be served concurrently with the aggravated robbery counts.
In State v. Fitzpatrick (Dec. 2, 2000), Lake App. No. 99-L-164, unreported, 2000 Ohio App. LEXIS 5608, this court reversed the imposition of consecutive sentences after finding the trial court did not make the requisite findings under R.C. 2929.14(E)(4). Specifically, the trial court did not determine whether any of the elements set forth in R.C.2929.14(E)(4)(a) through (c) were present. The case was remanded for the trial court to make the specific factual findings with respect to the R.C. 2929.14(E)(4) factors. Further, the trial court was to give its reasons for imposing consecutive sentences as required by R.C.2929.19(B)(2)(c).
On January 16, 2001, appellant appeared before the trial court for a re-sentencing hearing. The trial court stated it reviewed the Victim Impact Statements and pre-sentence report. The trial court stated:
 "I also find in rendering sentence that consecutive sentences are necessary to protect the public from future crime and to punish the offender, that the consecutive sentences are not disproportionate to the seriousness of the conduct and to the danger the offender poses to the public and that the harm caused by the multiple offenses was so great, unusual, that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "I also find that consecutive sentences are supported by the Victim Impact Statements, in this case there was a greater expense by the victim in this case, required psychiatric care and fear which appears to be permanent in the victims in this case, there are also some unfortunate results which I don't care to put of the record at this point, but are the results of the conclusions reached from the Victim Impact Statements in this case."
 On January 22, 2001, the trial court issued its judgment entry of re-sentencing. In the entry, the trial court found that, pursuant to R.C. 2929.14(E), consecutive sentences were necessary to protect the public from future crime or to punish appellant and were not disproportionate to the seriousness of appellant's conduct and the danger appellant poses to the public. The court found that the harm caused by the multiple offenses committed by appellant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of his conduct. The court stated its conclusion was supported by the victim impact statements and the description of fear in which appellant placed his victims, fear that necessitated professional psychological care. The trial court then imposed the original sentence, with credit for time served.
Appellant assigns the following error for review:
 "The trial court erred, to the prejudice of the defendant-appellant and in violation of R.C. 2953.08(C), by imposing upon him consecutive sentences where the evidence does not support it."
 In his sole assignment of error, appellant contends the imposition of consecutive sentences by the trial court is not supported by the evidence. Appellant argues that there is no evidence in the record of great or unusual harm for the aggravated robbery charges. Appellant states evidence of ordinary harm is present for the aggravated robbery charges in that he placed a gun against the cheeks of two bank tellers. Appellant maintains his only act of physical harm occurred during the robbery of the motel in that he pushed the victim, struck the victim on the side of the head, and dragged the victim to the ground. Appellant submits that the consecutive terms of imprisonment are contrary to the record showing the harm to the victims was not any greater than that found in every other aggravated robbery case.
When reviewing the imposition of a sentence upon a defendant by a trial court, this court will not disturb the sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. State v. Norwood (June 8, 2001), Lake App. No. 2000-L-072, unreported, 2001 Ohio App. LEXIS 2573.
R.C. 2929.14(E)(4) provides in pertinent part:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."
 When a trial court decides to impose consecutive sentences under R.C. 2929.14, the court also must follow the requirements set forth in R.C. 2929.19(B). State v. Hoskins (Mar. 16, 2001), Ashtabula App. No. 2000-A-0037, unreported, 2001 Ohio App. LEXIS 1232. Pursuant to R.C. 2929.14(B)(2)(c), the trial court is to justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting this sentence. State v. Bradford (June 1, 2001), Lake App. No. 2000-L-103, unreported, 2001 Ohio App. LEXIS 2487.
The crux of appellant's appeal is that the evidence does not support the trial court's determination that he used unusual and greater harm than normally found in an aggravated robbery. However, the statute refers to the harm caused by the commission of the crime, not the harm used in committing the offense. The court should consider the harm suffered by the victim, including physical and psychological injury, as a result of the crime. See State v. Watson (Nov. 21, 2001), Ashtabula App. No. 2000-A-0082, unreported, 2001 Ohio App. LEXIS 5207.
The trial court, both at the hearing and in its judgment entry, supported its decision by reference to the victim impact statements, especially the need of one victim to seek psychological care following the robbery. That victim stated the robbery had changed her life. Another of the bank tellers stated the experience took away her feelings of safety, control, and trust. The victims' feelings are understandable as appellant pressed a loaded gun to their face or neck. He also struck the clerk at the motel in the head with a loaded weapon and forced that victim to the ground at gunpoint. The trial court relied upon the victim impact statements, the record, and pre-sentence report in deciding what sentence was appropriate for appellant's crimes. The bank tellers in particular suffered long-term negative effects from appellant's actions.
The trial court complied with the mandate of this court and complied with the statutory provisions governing consecutive sentences. The sentence certainly is supported by the record. Appellant's assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
FORD, P.J., CHRISTLEY, J., concur.